PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* TULIO BERMÚDEZ, Defendant and Appellant.

No. 3335. Argued December 15, 1927.—Decided January 31, 1928.

*E. Arjona Siaca* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Tulio Bermúdez was convicted of transporting adulterated milk and says that the court below erred in overruling a

demurrer to the information. The theory of the demurrer was that the court below was without jurisdiction to try a criminal case upon an information which had been amended without first obtaining leave therefor. This proposition as developed in the brief hinges upon a question of fact involved in the third assignment, which is to the effect that the court below erred in holding that leave to amend had been granted, as shown by the stenographic record, inasmuch as the granting of such leave does not appear from the stenographic record.

While it is true that the said record does not expressly state that leave to amend was granted, the fact that such leave was not only opportunely requested but actually obtained by the district attorney is, we think, reasonably apparent from the face of the record as a whole including a transcript from the stenographer's notes.

The second assignment is in substance that the court below erred in overruling a motion for "nonsuit" and in holding as a basis for such action that government inspectors may determine the question of adulteration from personal knowledge and not in accordance with the standard prescribed by law. The same proposition is involved in the fifth assignment which is to the effect that the judgment finds no adequate support either in law or in the evidence adduced at the trial.

The testimony of a chemist who had analyzed a sample of the milk in question tended to show that the witness based his conclusion as to adulteration upon the result of such analysis independently of the legal standard. But the same testimony further shows conclusively that the milk was in fact below standard.

The fourth assignment is that the court below erred in taking judicial notice of the Health Regulations.

In *People* v. *Rivera,* 31 P.R.R. 612, this court held, as stated in the syllabus, that—

"Although generally the courts can not take judicial notice of

the regulations promulgated by the different departments of the Government, yet by the express provision of section 15 of Act No. 81 of 1912 to reorganize the sanitation service they are required to take judicial notice of the regulations of the Department of Sanitation which prescribe the standard for determining what is adulterated milk for the purposes of the law penalizing its adulteration and sale.''

The language of the section referred to is—

''That all courts are required to take judicial notice of the adoption of such rules and regulations and of the publication thereof required by this Act.''

The contention of appellant is that the statutory provision just quoted requires judicial notice to be taken of the ''adoption'' and ''publication,'' but not of the contents, of the sanitary rules and regulations. The construction so suggested, however, would be more in keeping with the letter than with the spirit and purpose of the law. Appellant does not go so far as to offer any alternative theory as to what the Legislature may have had in mind in the hypothetical absence of an intention to authorize judicial notice of sanitary rules and regulations when adopted and published as prescribed by law.

Here the Legislature is dealing with a question of judicial notice, not with a problem of identification or authentication for the purposes of production and introduction in evidence at the trial.

''Judicial notice or knowledge may be defined as the cognizance of certain facts which judges and jurors may properly take and act upon without proof because they already know them. It is said that the term 'judicial notice' means no more than that the court will bring to its aid and consider, without proof of the facts, its knowledge of those matters of public concern which are known by all well-informed persons.'' 23 C. J. page 58, par. 1807.

The Law of Evidence, as defined by section 3 of an Act approved March 9, 1905 (Comp. sec. 1371), in so far as

pertinent to the question now under consideration, "is a collection of general rules: 1. For declaring what is to be taken as true without proof; 2. For determining the presumption of law, both those which are disputable and those which are conclusive; 3. For the offer and admission of proofs: . . . ."

Among the disputable presumptions enumerated in section 102 of the law last mentioned we find the following:

"34. That a printed and published book, purporting to be printed or published by public authority, was so printed or published."

Section 69 of the same law prescribes in detail the manner in which certain official documents may be proved, and subdivision 5 thereof reads as follows:

"5. Acts of a municipal corporation of Porto Rico, or of a board 'or department thereof, by a copy certified by the legal keeper thereof, or by a printed book published by the authority of such corporation."

Repeals by implication are not favored and we have no reason to believe that the Legislature in 1912 intended to dispense with the formality of a certificate or of a printed edition by way of authentication of sanitary rules and regulations when offered in evidence in a criminal case, and at the same time, by requiring judicial notice of adoption and publication, to forbid judicial notice of the subject matter of such rules and regulations. And in the absence of any satisfactory reason for construing the provision in question as suggested by appellant, the only logical alternative is to adhere to the conclusion already reached in *People* v. *Rivera, supra.*

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.